UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASZELL REEDER,

               Plaintiff,

        -against-

ANDREW McCABE, *et al.*,

               Defendants.

21-CV-4324 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Raszell Reeder, who is currently incarcerated at Upstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated June 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

In this complaint, Plaintiff names multiple defendants, including FBI agents and supervisors; the former secretary of the Department of Homeland Security; members of Congress; Vice President Kamala Harris; Governor Andrew Cuomo and members of his staff; Commissioner Anthony Annucci of the New York State Department of Corrections and Community Supervision (DOCCS) and other DOCCS employees; magistrate judges in Albany, New York; the Commissioner of the New York City Fire Department; the chiefs of the New York City Police Department's Terrorism and International Narcotics Unit and Cyber Crimes Unit; and Mayor Bill de Blasio.

Plaintiff's complaint is not a model of clarity. For example, he alleges, verbatim:

> No defendant responded to state of emergency danger letters or evidence. I sent new evidence for one year an they continued to not ask me questions or for new evidence. I ask for duty of service. They denied me. I sent them addresses with names to receive additional evidence. They never investigated. I ask that all evidence be given stronger forensic an expert secret [illegible] language, clothing design, body signs, measurement of sound an distance codes and pronunciation and mathematics codes sequence. I sent evidence for lab to trace computer chemicals an frequency of every company to locations its guided outside company or manufacturer. The workers control by computer velocity. Every movie book magazine television script pictures at angles is planned by slowly blending agenda in person. They study body function since younger. They live in

> communities an underground is called installations. They work closely with government national security in unity. They have they own advance resources progress since 1600s and 1700s, they far more wiser an at progress. The secret government became powerful by forcing each country to replace community citizens an children with scientific chemicals human beings drone that can think, produce trance pregnancies, infiltration government secrets, an that's athletic, they place in stronger trance. The African technology penetrates entire body if extra strength is use computer increase its hold throughout the body. When body tremendous force leave out of trance within seconds or minutes the body will continue back under control of trance. Theres also chemicals that follow body until its back inside it is called latch on.

(ECF 2 ¶ V.)

The rest of Plaintiff's allegations are substantially similar in nature. (*See id.*) Plaintiff seeks the following relief:

> What court believe is just. I seek court order for stronger country an countries an prison safety to security an for counties community an prisons under attack. I need Federal Government an National Security investigated an conduct investigation. I need enforce president, Department of Justice, congressional hearing investigation an expunge all criminal charges. An I return to my country Somalia in Africa with government security to provide safety.

(*Id.* at 11.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims do not appear to be rational, and there is no apparent legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff's claims of sending "emergency danger letters" to multiple government officials, including FBI agents and members of Congress, regarding "computer chemicals" and other matters do not suggest that he can set forth any viable legal claims.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

3

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 14, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge